**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Erick HERRERA, Defendant–Appellant.**

No. 14–50231.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2015.*

Filed April 15, 2015.

Lawrence Casper, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sara Marie Peloquin, Esquire, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

MEMORANDUM **

Erick Herrera appeals from the district court's judgment and challenges the 46–

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

month sentence imposed following his guilty-plea conviction for importation of heroin, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera challenges the district court's denial of a minor role reduction, arguing that the court incorrectly compared him to a hypothetical average courier. We review the district court's interpretation of the Guidelines de novo. *See United States v. Rodriguez–Castro*, 641 F.3d 1189, 1192 (9th Cir.2011). In evaluating whether a defendant is a minor participant, the district court must compare "the defendant's conduct and that of the other participants in the same offense." *United States v. Rojas–Millan*, 234 F.3d 464, 473 (9th Cir. 2000) (internal quotations omitted). The district court's suggestion that Herrera ought to be compared to a hypothetical average courier was, therefore, incorrect. *See id.* However, the district court's error was harmless because the court ultimately denied the adjustment based on a proper comparison between Herrera's conduct and that of a co-participant in his offense. Moreover, the court indicated that even if Herrera's base offense level were reduced by two levels, it would impose the same sentence. *See United States v. Munoz–Camarena*, 631 F.3d 1028, 1030 n. 5 (9th Cir.2011) (per curiam).

**AFFIRMED.**